```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

In re:                           )    CIVIL 16-00230 LEK-KSC
                                 )
SEA HAWAII RAFTING, LLC,         )
                                 )
          Debtor.                )
                                 )
_____  )
CHAD BARRY BARNES,               )
                                 )
          Appellant,             )
                                 )
     vs.                         )
                                 )
DANE S. FIELD, TRUSTEE,          )
                                 )
          Appellee.              )
_____  )
```

**ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**

On September 27, 2016, Appellee Dane S. Field, Trustee for the bankruptcy estate of Sea Hawai`i Rafting, LLC ("Trustee" or "Appellee") filed a Motion to Dismiss Appeal ("Motion to Dismiss"). [Dkt. no. 14.] Appellant Chad Barry Barnes ("Appellant") filed a memorandum in opposition on November 14, 2016, and Appellee filed a reply on November 21, 2016. [Dkt. nos. 23, 26.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). In an Entering Order filed on January 30, 2017, the Court granted the Motion to Dismiss ("1/30/17 EO Ruling"). [Dkt. no. 32.] The instant Order

supersedes the 1/30/17 EO Ruling.  After careful consideration of the motion, supporting and opposing memoranda, and the relevant legal authority, Appellee's Motion to Dismiss is HEREBY GRANTED for the reasons set forth below.

## **BACKGROUND**

On May 9, 2016, the bankruptcy court filed its Order Granting Trustee's Motion for Order (I) Authorizing Sale of Boat and Trailer Under Bankruptcy Code § 363, and (II) Otherwise Granting Relief, Filed on March 29, 2016 ("5/9/16 Bankruptcy Order").  [Motion to Dismiss, Decl. of Simon Klevansky ("Klevansky Decl."), Exh. A (5/9/16 Bankruptcy Order).]  In the 5/9/16 Bankruptcy Order, the bankruptcy court considered Appellee's motion to approve the sale of the bankruptcy estate's interest in a 2005 Zodiac boat named "The Tehani" ("the Boat"), as well as the trailer ("the Trailer") to Aloha Ocean Excursions, LLC ("Aloha" or "the Buyer").  [5/9/16 Bankruptcy Order at 2.] Appellee sought to sell the Boat for $32,500 and the Trailer for $2,500.  [Id. at 2-3.]  The 5/19/16 Bankruptcy Order also considered Appellant's motion to stay the sale of the Boat and the Trailer.[1]  [Id. at 4.]

The bankruptcy court found that:  the prices for the Boat and the Trailer were "fair and reasonable"; the notice of

---

[1] Appellant did not file a memorandum in opposition to the motion to approve the sale.  [5/9/16 Bankruptcy Order at 4.]

the sale was proper; there was a sound business purpose for the sale; and "[t]he sale has been offered and accepted in good faith between the Buyer and the Trustee." [Id. at 3.] The bankruptcy court thereafter: granted Appellee's motion; authorized the sale of the Boat and the Trailer; stated that the sale was "free and clear of all liens and encumbrances, to the maximum extent permitted by the Bankruptcy Code"; noted that the Boat and the Trailer were purchased "in good faith within the meaning of Bankruptcy Code § 363(m)"; and denied Appellant's motion to stay the sale of the Boat and the Trailer, explaining that, *inter alia*, "[Appellant] is not a creditor and therefore without standing to file such a motion." [Id. at 4.]

On September 1, 2016, Appellant filed an Amended Notice of Appeal and Statement of Election, appealing the 5/9/16 Bankruptcy Order ("Appeal"). [Dkt. no. 12.] On September 27, 2016, Appellee filed a Report of Sale, which informed the bankruptcy court that the sale of the Boat and the Trailer was completed and closed on August 30, 2016. [Klevansky Decl., Exh. B (Report of Sale).]

### DISCUSSION

> Section 363 of the Bankruptcy Code generally allows the trustee to use, sell, or lease property of an estate, other than in the ordinary course of business, after notice and a hearing. 11 U.S.C. § 363. **Under § 363(m), the validity of a "sale or lease of property" executed under the terms of**

3

> **section 363 cannot be challenged on appeal "unless [the bankruptcy court's] authorization and such sale or lease were stayed pending appeal."** Id. § 363(m). The requirement to seek a stay pending appeal only applies to purchases of estate property that were made in good faith, and is designed to protect the interests of good faith purchasers by guaranteeing the finality of property sales. In re Onouli-Kona Land Co., 846 F.2d 1170, 1172 (9th Cir. 1988).

Adeli v. Barclay (In re Berkeley Delaware Court, LLC), 834 F.3d 1036, 1039 (9th Cir. 2016) (alterations in In re Berkeley Delaware Court, LLC).[2]  Section 363(m), sometimes referred to as the bankruptcy mootness rule, "applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets.  Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal." Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d at 1171 (citation omitted).  Here, the 5/9/16 Bankruptcy Order directly approved the sale of the Boat and the Trailer, and it is undisputed that Appellant did not obtain a stay of the sale pending the outcome of the Appeal.[3]  See Mem. in

---

[2] Appellant appears to believe that In re Berkeley Delaware Court, LLC is a Bankruptcy Appellate Panel case, see Mem. in Opp. at 2, but he is incorrect.

[3] The Ninth Circuit has recognized one exception to the bankruptcy mootness rule, but it is only available "when real property is sold to a creditor who is a party to the appeal, but only when the sale is subject to statutory rights of redemption."
(continued...)

Opp. at 3 ("[Appellant], however, did file a Motion to Stay Sale of the Vessel Pending Appeal, which was denied by the Bankruptcy Court." (citations omitted)).

In addition, Appellant appears to argue that the sale of the Boat and the Trailer to Aloha lacked good faith, at least in part due to the fact that Sea Hawai`i Rafting, LLC ("Sea Hawai`i") and Aloha have the same owner.[4]  [Mem. in Opp. at 5-6.]

---

[3](...continued)
In re Onouli-Kona Land Co., 846 F.2d at 1173 (citation omitted). "Hawaii has created no such rights." Id. at 1175.  As such, this exception is not relevant here.

[4] Although the citations are not entirely clear, the Court believes that, to support his argument, Appellant cites: Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.), 419 F.3d 83 (2d Cir. 2005); see Mem. in Opp. at 6; and United States v. ZP Chandon, 889 F.2d 233 (9th Cir. 1989); see Mem. in Opp. at 6-7.  First, In re Millenium Seacarriers, Inc., "resolve[d] only the narrow question of whether a bankruptcy court may adjudicate maritime liens where the lienors voluntarily submit to its jurisdiction." 419 F.3d at 95.  Next, ZP Chandon held that "[t]he automatic stay provisions of [11 U.S.C. §] 362(a)(4) do not apply to a maritime lien for seamen's wages earned after the filing of a petition for reorganization pursuant to the Bankruptcy Act." 889 F.2d at 239.  Finally, there was no maritime lien against the Boat or the Trailer during the bankruptcy proceedings.  See Barnes v. Sea Hawai`i Rafting, LLC, CV 13-00002 ACK-RLP, dkt. no. 192 (dismissing the Boat in rem because Appellant's first amended complaint was not properly verified); Mem. in Opp. at 8 ("Judge Kay dismissed the vessel from the District Court Admiralty Case because he found that Barnes had not verified his First Amended Complaint and therefore, he did not have In Rem jurisdiction under [Fed. R. Civ. P. Suppl. R. C(2)]."); see also Madeja v. Olympic Packers, LLC, 310 F.3d 638, 637 (9th Cir. 2002) ("To the contrary, controlling precedent dictates that Appellants' failure to verify their complaint deprived the district court of in rem jurisdiction." (citations omitted)).

5

The Ninth Circuit has stated:

> Absence of good faith is "typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." In re Filtercorp, Inc., 163 F.3d 570, 577 (9th Cir. 1998) (internal quotation marks and alterations omitted). The bankruptcy court found that the agreement "was the product of an arms-length negotiation between the Trustee and First-Citizens and entered into by the parties without collusion and in good faith." . . . . Adeli faults the Trustee for being insufficiently thorough in his assessment of the parties' claims, but does not identify any facts suggesting bad faith. Based on this evidence, the bankruptcy court did not clearly err in finding that First-Citizens was a purchaser in good faith for the purpose of § 363(m).

In re Berkeley Delaware Court, LLC, 834 F.3d at 1041; see also Sulmeyer v. Karbach Enters. (In re Exennium, Inc.), 715 F.2d 1401, 1404-05 (9th Cir. 1983) ("Lack of good faith is generally determined by fraudulent conduct curing the sale proceedings." (citation omitted)). Appellant states that "the sale is literally [the owner] and his alter ego role as [Sea Hawai`i], selling the vessel back to himself," and that the sale price was not reasonable because the standard used "falls well below the standard of scrutiny required by a Court in Admiralty." [Mem. in Opp. at 5.] "On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Johnson v. Lucent Techs., Inc., 653 F.3d 1000, 1010 (9th Cir. 2011) (citation omitted). "Conclusory

allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss." Id. (citation omitted).  First, with regard to the relationship between Sea Hawai`i and Aloha, the Ninth Circuit has "applied the mootness rule to § 363 sales even where the purchaser was a party to the appeal, and where the purchaser had not yet taken irreversible steps following the sale."  In re Berkeley Delaware Court, LLC, 834 F.3d at 1040 (citing In re Onouli-Kona Land Co., 846 F.2d at 1172).  Second, aside from expressing disagreement with the bankruptcy court's sale prices for the Boat and the Trailer, Appellant does not present any factual allegations to support a claim of fraud or that the bankruptcy court "clearly erre[d] in finding that [Aloha] was a purchaser in good faith for the purpose of § 363(m)."  See id. at 1041.

      Appellant presents a number of additional arguments as to why the 5/9/16 Bankruptcy Order should be reversed.[5]  See Mem. in Opp. at 9-17.  The bankruptcy court found that the sale of the Boat and the Trailer was in good faith; this Court has found that this was not clear error; and Appellant did not obtain a stay of the 5/9/16 Bankruptcy Order.  "Because the Buyer was a good faith

---

[5] For example, Appellant includes a brief filed in an appeal of a separate case to the Ninth Circuit.  See Mem. in Opp. at 9 ("I am attaching Barnes' Corrected Brief which was not allowed to be filed in the Ninth Circuit."); id., Exh. A (Ninth Circuit brief).

7

purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal. It was not, and the court thus cannot grant any effective relief." Ewell v. Diebert, (In re Ewell), 958 F.2d 276, 282 (9th Cir. 1992).[6]  The Motion to Dismiss is therefore GRANTED.

## CONCLUSION

On the basis of the foregoing, the Motion to Dismiss Appeal filed by Dane S. Field, Trustee for the bankruptcy estate of Sea Hawai`i Rafting, LLC on September 27, 2016, is HEREBY GRANTED.

There being no remaining claims in this matter, the Court DIRECTS the Clerk's Office to enter final judgment and

---

[6] Appellee also argues that the Motion to Dismiss should be granted because Appellant lacks standing to challenge the 5/9/16 Bankruptcy Order. See Mem. in Supp. of Motion to Dismiss at 6-8. It is well-established that "[o]nly those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order." Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983) (citations omitted).  In an order filed on November 25, 2015 ("11/25/15 Bankruptcy Order"), the bankruptcy court found that Appellant had no unsecured "prepetition claim[s]" because "Barnes did not file a timely or untimely Proof of Claim, did not respond in writing to the objection, and offered no evidence that he holds any prepetition unsecured claim." [Klevansky Decl., Exh. C (11/25/15 Bankruptcy Order) at 3.]  In an order filed on March 15, 2016 ("3/15/16 Bankruptcy Order"), the bankruptcy court estimated the value of Appellant's "secure claim as to a lien upon the [Boat]" as $0.00. [Id., Exh. D (3/15/16 Bankruptcy Order) at 2.]  Accordingly, the Court is inclined to agree with Appellee.  However, the Court need not reach this issue because it has granted the Motion to Dismiss on other grounds.

close the case on **April 4, 2017**, unless Appellant files a motion for reconsideration of this Order by **March 31, 2017**.

DATED AT HONOLULU, HAWAII, March 14, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHAD BARRY BARNES VS. DANE S. FIELD, TRUSTEE; CIVIL 16-00230 LEK-KSC; ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**