IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CIVIL 16-00230 LEK-KSC |
|---|---|---|
| SEA HAWAII RAFTING, LLC, | ) | |
| Debtor. | ) | |
| _____ | ) | |
| CHAD BARRY BARNES, | ) | |
| Appellant, | ) | |
| vs. | ) | |
| DANE S. FIELD, TRUSTEE, | ) | |
| Appellee. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO RECONSIDER ORDER
GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**

On March 31, 2017, Appellant Chad Barry Barnes ("Appellant") filed a Motion to Reconsider Order Granting Appellee's Motion to Dismiss Appeal ("Motion for Reconsideration"), and later the same day he filed an errata ("Errata").[1] [Dkt. nos. 34, 35.] On April 14, 2017, Appellee

---

[1] The Court notes that, in the Motion for Reconsideration, Appellant states that he "will be filing an Errata to amend spelling errors, punctuation, with no substantial changes, and a final table of authorities. We were unable to get this done before the CM/ECF systems closed at 6:00 p.m. on 03/31/2017." [Mem. in Supp. of Motion for Reconsideration at 1 (emphasis omitted).] While the Court has concerns about Appellant's willingness to submit an incomplete filing, as well as his inability to complete the Motion for Reconsideration in a timely manner, the Court will consider the motion. However, given Appellant's representation that the substance of the Motion for Reconsideration and the Errata is the same, the Court will cite

(continued...)

Dane S. Field, Trustee for the bankruptcy estate of Sea Hawai`i
Rafting, LLC ("Appellee"), filed a memorandum in opposition.
[Dkt. no. 37.] Appellant filed his reply on April 28, 2017, and
on April 30, 2017, he filed an errata to the reply. [Dkt. nos.
38, 39.] The Court finds this matter suitable for disposition
without a hearing pursuant to Local Rule 7.2(e) of the Local
Rules of the United States District Court for the District of
Hawai`i. After careful consideration of the motion, supporting
and opposing memoranda, and the relevant legal authority, the
Motion for Reconsideration is HEREBY DENIED for the reasons set
forth below.

**STANDARD**

This Court has previously stated that a motion for
reconsideration

> "must accomplish two goals. First, a motion for
> reconsideration must demonstrate reasons why the
> court should reconsider its prior decision.
> Second, a motion for reconsideration must set
> forth facts or law of a strongly convincing nature
> to induce the court to reverse its prior
> decision." See Davis v. Abercrombie, Civil No.
> 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D.
> Hawai`i June 2, 2014) (citation and internal
> quotation marks omitted). This district court
> recognizes three circumstances where it is proper
> to grant reconsideration of an order: "(1) when
> there has been an intervening change of
> controlling law; (2) new evidence has come to
> light; or (3) when necessary to correct a clear
> error or prevent manifest injustice." Tierney v.

---

[1](...continued)
to the Errata for the purposes of the instant Order.

>     Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585,
>     at *1 (D. Hawaii May 1, 2013) (citing <u>School
>     District No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1262
>     (9th Cir. 1993)). "Mere disagreement with a
>     previous order is an insufficient basis for
>     reconsideration." <u>Davis</u>, 2014 WL 2468348, at *3
>     n.4 (citations and internal quotation marks
>     omitted).

<u>Riley v. Nat'l Ass'n of Marine Surveyors, Inc.</u>, Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

### **DISCUSSION**

On September 27, 2016, Appellee filed a Motion to Dismiss Appeal ("Motion to Dismiss"), [dkt. no. 14,] which the Court granted in an Order filed on March 14, 2017 ("3/14/17 Order") [dkt. no. 33].[2] The Motion to Dismiss was granted pursuant to 11 U.S.C. § 363(m) because Appellant failed to provide any support for his argument that the sale was not made in good faith. 3/14/17 Order, 2017 WL 988655, at *2. Appellant does not provide any reason for the Court to reconsider its ruling in the 3/14/17 Order.

First, Appellant does not cite any change in the law that is relevant to this appeal. Second, although hard to decipher at times, any argument Appellant makes about clear error or manifest injustice is inapposite. Appellant states that he sought a stay of the bankruptcy court's order pending appeal,

---

[2] The 3/14/17 Order is also available at 2017 WL 988655.

3

[Errata at 20,] but he does not dispute that a stay was never granted. As the Court explained in the 3/14/17 Order:

> [11 U.S.C. §] 363(m), sometimes referred to as the bankruptcy mootness rule, "applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal." Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d [1170,] 1171 [(9th Cir. 1988)] (citation omitted).

3/14/17 Order, 2017 WL 988655, at *2. Further, Appellant appears to argue that In re Onouli-Kona Land Co. is distinguishable from this case because the bankruptcy court was "not empowered to sell the vessel free and clear of all liens." [Errata at 20.] Again, this Court has already addressed this issue. See 3/14/17 Order, 2017 WL 988655, at *2 n.4 ("Finally, there was no maritime lien against the Boat or the Trailer during the bankruptcy proceedings." (citations omitted)).

Next, Appellant seems to assert that the Court's treatment of his argument regarding good faith was in error. In the 3/14/17 Order, the Court explained that, "aside from expressing disagreement with the bankruptcy court's sale prices for the Boat and the Trailer, Appellant does not present any factual allegations to support a claim of fraud or that the bankruptcy court" erred in determining that, for the purposes of § 363(m), the vessel was being sold to a good faith purchaser.

4

Id. at *2. To support his position that the Court erred, Appellant provides an additional declaration and cites the bankruptcy court's refusal to let him go forward with discovery in a separate bankruptcy case. [Errata at 22.] First, the additional evidence is a declaration by a Hawai`i Island attorney that explains his familiarity with "the sale or purchase of business entities holding commercial and mooring permits in Hawaii State harbors." [Errata, Decl. of Joseph Fagundes III ("Fagundes Decl.") at ¶ 3.] Appellant provides no reason why the Fagundes Declaration could not have been submitted with his memorandum in opposition to the Motion to Dismiss, and a motion for reconsideration may "only be granted upon discovery of new material not previously available." Sulak v. Am. Eurocopter Corp., CV No. 09-00135 DAE-KSC, 2009 WL 3425155, at *2 (D. Hawai`i Oct. 26, 2009) (citation omitted). Moreover, Appellant made this argument in his memorandum in opposition to the Motion to Dismiss, see dkt. no. 23 at 4-6, and it is no more convincing here.[3] Second, Appellant laments the bankruptcy court's

---

[3] In the memorandum in opposition to the Motion to Dismiss, Appellant argued that "[t]he purpose of this appeal is to obtain the maximum value of the object being sold for the bankruptcy estate. The transfer of the permit for the vessel . . . can be accomplished legally by selling the [Sea Hawai`i Rafting, LLC] business and [the] vessel, along with the State of Hawaii permit." [Dkt. no. 23 at 4-5.] Appellees point out that, "[u]nder state law, Sea Hawaii's commercial use permit is **non-transferrable.**" [Mem. in Opp. to Motion for Reconsideration at 11 (emphasis in original).] In fact, to transfer the permit, the
(continued...)

5

discovery order in a different case.  See Errata at 22-23
(explaining that Appellant's attorney flew to Hawai`i Island in
April 2016 to depose Kris Henry, only to have the bankruptcy
court grant a motion for a protective order and cancel the
deposition); see also Henry v. Hu (In re Henry), Bk. No. 14-01475
(Bankr. D. Hawai`i), dkt. no. 157 (Motion for Protective Order);
id., dkt. no. 164 (Order Granting in Part and Denying in Part
Motion for Protective Order).  Anything related to this separate
bankruptcy case, including discovery and whether or not the
debtor complied with the bankruptcy court's order to produce
certain documents, is not relevant to the instant appeal.[4]

In short, Appellant does not provide any reason for the
Court to grant his Motion for Reconsideration.  Instead, he

---

[3](...continued)
relevant parties would have to agree "to transfer the company
itself." [Id. at 11.]  Here, the underlying bankruptcy
proceeding was brought pursuant to Chapter 7 of the bankruptcy
code, under which Appellee, as the trustee of the estate, does
not own the equity in the company and cannot transfer it.  [Id.]
The Fagundes Declaration provides an overview of the permit-
transfer process.  See Fagundes Decl. at ¶ 9.  The Fagundes
Declaration does not provide any explanation or analysis of how
this process applies to the instant case, nor does it address how
the options for selling a vessel may be affected by a bankruptcy
filing.

[4] The Court notes that the In re Henry debtor, Kristin Kimo
Henry, is the former owner of Sea Hawai`i Rafting, LLC and the
current owner of Aloha Ocean Excursions, LLC.  3/14/17 Order,
2017 WL 988655, at *2.  In re Henry, however, is a personal
bankruptcy under Chapter 13 of the bankruptcy code.  Appellant
does not assert that a protective order was filed in Sea Hawai`i
Rafting, LLC's bankruptcy that impeded his discovery efforts.

repeats arguments that he already made in opposition to the Motion to Dismiss, cites a declaration that is neither newly discovered nor persuasive, and requests relief that the Court has already denied. See, e.g., Errata at 20, 27 (requesting a stay of the proceedings until the Ninth Circuit Court of Appeals rules on an appeal from a separate case decided by this district court); dkt. no. 32 (Entering Order denying Appellant's Motion to Stay Proceedings Pending Ninth Circuit Appeal). Any other arguments raised by Appellant in the Motion for Reconsideration are irrelevant because, as the Court explained in the 3/14/17 Order: "Because the Buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal. It was not, and the court thus cannot grant any effective relief." 2017 WL 988655, at *3 (quoting Ewell v. Diebert (In re Ewell), 958 F.2d 276, 282 (9th Cir. 1992)). Accordingly, Appellant's Motion for Reconsideration is HEREBY DENIED.

## CONCLUSION

On the basis of the foregoing, the Motion to Reconsider Order Granting Appellee's Motion to Dismiss Appeal, filed by Appellant Chad Barry Barnes on March 31, 2017, is HEREBY DENIED. The Court DIRECTS the Clerk's Office to enter final judgment and close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 26, 2017.



        /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHAD BARRY BARNES VS. DANE S. FIELD, TRUSTEE; CIVIL 16-00230 LEK-KSC; ORDER DENYING MOTION TO RECONSIDER ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**