IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>       Appellant,<br><br>  vs.<br><br>DANE S. FIELD, TRUSTEE,<br><br>       Appellee.<br>_____ | CIVIL 16-00230 LEK-KSC |

**ORDER: ADOPTING IN PART AND REJECTING IN PART
THE BANKRUPTCY COURT'S MEMORANDUM OF DECISION ON REMANDED
ISSUES; GRANTING APPEAL OF THE BANKRUPTCY COURT'S
MAY 9, 2016 ORDER GRANTING TRUSTEE'S MOTION FOR
ORDER (I) AUTHORIZING SALE OF BOAT AND TRAILER UNDER
BANKRUPTCY CODE § 363, AND (II) OTHERWISE GRANTING RELIEF,
FILED ON MARCH 29, 2016; AND REVERSING THE MAY 9, 2016 ORDER**

The instant case is Appellant Chad Barry Barnes's ("Barnes") appeal from the bankruptcy court's May 9, 2016 Order Granting Trustee's Motion for Order (I) Authorizing Sale of Boat and Trailer Under Bankruptcy Code § 363, and (II) Otherwise Granting Relief, Filed on March 29, 2016 ("5/9/16 Bankruptcy Order" and "Appeal"). [Notice of Transmittal to District Court, filed 5/11/16 (dkt. no. 1).[1]] After remand from the Ninth Circuit, this Court remanded the case to the bankruptcy court to

---

[1] Barnes's Notice of Appeal and Statement of Election is dkt. no. 1-1, and the 5/9/16 Bankruptcy Order is dkt. no. 1-2. He filed an Amended Notice of Appeal and Statement of Election on September 1, 2016. [Transmittal of Document for Pending Appeal (dkt. no. 12).]

address the issues identified in the Ninth Circuit's order.
[Ninth Circuit Order, filed 7/16/18 (dkt. no. 47);[2] Order remanding case to bankruptcy court, filed 7/23/18 (dkt. no. 49) ("7/23/18 Remand Order").]

Currently before the Court is the bankruptcy court's December 14, 2018 Memorandum of Decision on Remanded Issues ("12/14/18 Remand Decision"), which was transmitted to this district court on the same date. [Dkt. no. 51.[3]] On February 15, 2019, Barnes filed his brief regarding the 12/14/18 Remand Decision ("Remand Brief"),[4] and Appellee Dane S. Field, Trustee for the bankruptcy estate of Sea Hawaii Rafting, LLC ("the Trustee"), filed a response to the Remand Brief on February 26, 2019. [Dkt. nos. 59, 60.] The Court finds Barnes's Appeal suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On April 5, 2019, this Court issued an entering order

---

[2] The Ninth Circuit's July 16, 2018 Order is also available at 2018 WL 3943018.

[3] The first page of docket number 51 is the transmittal notice. All subsequent citations to the 12/14/18 Remand Decision refer to the page numbers indicated on the decision itself.

[4] On February 27, 2019, Barnes filed a revised version of the Remand Brief. [Dkt. no. 61.]

2

informing the parties of its rulings on: the issues on remand from the Ninth Circuit; and Barnes's Appeal. [Dkt. no. 64.] The instant Order supersedes that entering order. For the reasons set forth below, the 12/14/18 Remand Decision is hereby adopted in part and rejected in part, Barnes's Appeal is hereby granted, and the 5/9/16 Bankruptcy Order is hereby reversed.

## BACKGROUND

Barnes worked for Sea Hawaii Rafting, LLC ("SHR") for six years on the M/V Tehani, a twenty-five-foot inflatable boat ("the Tehani"). Barnes suffered serious injuries during an incident that occurred on July 3, 2012 while he and Kris Henry ("Henry"), the owner and manager of SHR, were launching the Tehani, using a trailer ("the Trailer"). Barnes v. Sea Haw. Rafting, LLC ("Admiralty Opinion"), 889 F.3d 517, 523-25 (9th Cir. 2018).

## I. Proceedings in the District Court and the Bankruptcy Court

Barnes filed an admiralty action against Henry, SHR, and the Tehani, seeking to enforce his seaman's lien against the Tehani for the maritime remedy of maintenance and cure. [Barnes v. Sea Haw. Rafting, LLC, et al., CV 13-00002 ACK-WRP ("Admiralty Action"), Verified Complaint, filed 1/1/13 (dkt. no. 1).] In the admiralty action, Barnes's in rem claims against the Tehani were dismissed for lack of jurisdiction. [Id., Order Granting in Part and Denying in Part Pltf.'s Motion

3

for Summary Judgment as to Unseaworthiness, Negligence Per Se, and Jones Act Negligence, and Dismissing Def. M/V Tehani for Lack of Jurisdiction, filed 12/22/15 (dkt. no. 197).]

While the Admiralty Action was pending, Henry and SHR each initiated bankruptcy proceedings. [In re Henry, Bankr. Case No. 14-01475, Voluntary Petition (Chapter 13), filed 11/3/14 (dkt. no. 1); In re Sea Haw. Rafting, LLC, Bankr. Case No. 14-01520 ("SHR Bankruptcy"), Voluntary Petition (Chapter 7), filed 11/12/14 (dkt. no. 1).] In light of these proceedings, the Admiralty Action was stayed, pursuant to 11 U.S.C. § 362(a). [Admiralty Action, Minute Order, filed 11/13/14 (dkt. no. 152).] The stay was lifted on June 25, 2016. [Id., Minute Order, filed 6/25/16 (dkt .no. 156).]

The instant Appeal arises from the SHR Bankruptcy. On March 29, 2016, the Trustee filed a Motion for Order (I) Authorizing Sale of Boat and Trailer under Bankruptcy Code § 363, and (II) Otherwise Granting Relief ("Sale Motion"), and Barnes filed a document that was both a motion to stay the sale of the Tehani and a memorandum in opposition to the Sale Motion ("Stay Motion") on April 12, 2016. [SHR Bankr., dkt. nos. 151, 156.] In the Sales Motion, the Trustee sought approval to sell the Tehani for $32,500.00 and the Trailer for $2,500.00 to Aloha Ocean Excursions, LLC ("AOE" or "the Buyer"). [Id., 5/9/16 Bankruptcy Order (dkt. no. 185) at 2-3.]

4

The bankruptcy court found that: the prices for the Tehani and the Trailer were "fair and reasonable"; the notice of the sale was proper; there was "[a] sound business purpose" for the sale; and "[t]he sale has been offered and accepted in good faith between the Buyer and the Trustee." [Id. at 3.] The bankruptcy court thereafter: granted the Sale Motion; authorized the sale of the Tehani and the Trailer; stated that the sale was "free and clear of all liens and encumbrances, to the maximum extent permitted by the Bankruptcy Code"; noted that the Tehani and the Trailer were purchased "in good faith within the meaning of Bankruptcy Code § 363(m)"; and denied Barnes's Stay Motion, explaining that "Barnes is not a creditor and therefore [is] without standing to file such a motion." [Id. at 4.] Barnes' Appeal was transmitted to this district court on May 11, 2016. [Dkt. no. 1.]

On September 27, 2016, the Trustee filed a motion to dismiss the Appeal, which this Court granted in an order issued on March 14, 2017 ("3/14/17 Order"). [Dkt. nos. 14, 33.[5]] The primary basis of the 3/14/17 Order was the fact that Barnes did not obtain a stay of the 5/9/16 Bankruptcy Order. See, e.g., 2017 WL 988655, at *3. On March 31, 2017, Barnes filed a motion for reconsideration of the 3/14/17 Order and an errata to the

---

[5] The 3/14/17 Order is also available at 2017 WL 988655.

motion for reconsideration.  [Dkt. nos. 34, 35.]  On June 26, 2017, this Court issued an order denying Barnes's motion for reconsideration ("6/26/17 Order"), and the Clerk's Office entered the Judgment in a Civil Case.  [Dkt. nos. 40,[6] 41.]  Barnes filed a notice of appeal on June 30, 2017.  [Dkt. no. 42.]

## II. Ninth Circuit Appeals and Remand

While Barnes's appeal of the 3/14/17 Order and the 6/26/17 Order was pending, the Ninth Circuit issued the Admiralty Opinion.  The Ninth Circuit reversed the district court's order in the Admiralty Action dismissing the Tehani for lack of jurisdiction.  Admiralty Opinion, 889 F.3d at 543.

In Barnes's appeal of the 3/14/17 Order and the 6/26/17 Order, the Ninth Circuit vacated the orders and remanded the case to this Court for reconsideration in light of the Admiralty Opinion.  Ninth Circuit Order, 2018 WL 3943018.  The Ninth Circuit directed this Court to "determine whether Barnes has prudential standing to pursue" the Appeal.  Id. at *1.  It also stated either this Court or the bankruptcy court "should determine whether the bankruptcy court lacked jurisdiction to authorize the sale, and whether the sale can and should be avoided."  Id. (citation omitted).  The Mandate was issued on

---

[6] The 6/26/17 Order is also available at 2017 WL 2818197.

6

the same date as the Ninth Circuit Order.  [Dkt. no. 48.]  This Court thereafter remanded the case to the bankruptcy court to address the following issues: 1) whether Barnes had prudential standing to seek a stay of the sale of the Tehani; 2) if Barnes had prudential standing, whether the bankruptcy court lacked jurisdiction to authorize the sale; and 3) whether to avoid the sale.  [7/23/18 Remand Order at 3.]

In the 12/14/18 Remand Decision, the bankruptcy court concluded that: 1) Barnes had prudential standing to seek a stay of the sale of the Tehani; [12/14/18 Remand Decision at 6;] 2) the bankruptcy court did not have jurisdiction to authorize the sale of the Tehani free and clear of Barnes's maritime lien, but the bankruptcy court did have jurisdiction to authorize the sale subject to the lien; [id. at 8;] and 3) the 5/9/16 Bankruptcy Order should be set aside, and the district court in the Admiralty Action should adjudicate the parties' claims to the proceeds of the prior sale, [id. at 10].

Barnes urges this Court to reject the 12/14/18 Remand Decision's analysis of the issues on remand from the Ninth Circuit.

**STANDARD**

"A district court sitting in appellate jurisdiction over a bankruptcy court's order under 28 U.S.C. § 158(a)(1) applies the same legal standard as a federal court of appeals."

7

Kim v. Field, CIVIL NO. 18-00168 JAO-KSC, 2018 WL 6184880, at *2 (D. Hawai`i Nov. 27, 2018) (citing In re Crystal Props. Ltd., 268 F.3d 743, 755 (9th Cir. 2001)). This Court has stated:

> This court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. See In re Kimura (United States v. Battley), 969 F.2d 806, 810 (9th Cir. 1992) ("The Court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo."). The court "must accept the Bankruptcy Court's findings of fact, unless the court is left with the definite and firm conviction that a mistake has been committed. Mixed questions of law and fact are reviewed de novo." In re JTS Corp., 617 F.3d 1102, 1109 (9th Cir. 2010) (quotation marks and citations omitted).

In re Lee, CIVIL NO. 15-00278 SOM/RLP, 2015 WL 7274035, at *1 (D. Hawai`i Nov. 17, 2015). The United States Supreme Court has stated:

> [a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty under Fed. R. Civ. P. 52(a) if it undertakes to duplicate the role of the lower court. In applying the clearly erroneous standard . . . , [reviewing] courts must constantly have in mind that their function is not to decided factual issues de novo. If the [lower] court's account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though

> convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.
>
> Anderson v. City of Bessemer, 470 U.S. 564, 573-74 (1985) (some alterations in Anderson) (citations and some internal quotation marks omitted). The standards described in Anderson apply when a district court reviews the factual findings of a bankruptcy court. See, e.g., Ingram v. Burchard, 482 B.R. 313, 322 (N.D. Cal. 2012); In re Daewoo Motor Am., Inc., 471 B.R. 721, 732 (C.D. Cal. 2012), aff'd, 554 Fed. Appx. 638 (9th Cir. 2014); In re Folsom, Civil No. 10CV2440 L(NLS), 2011 WL 3489681, at *1 (S.D. Cal. Aug. 8, 2011), aff'd sub nom., Folsom v. Davis, 513 Fed. Appx. 651 (9th Cir. 2013).

Sebetich v. Woods, CIVIL 15-00233 LEK-BMK, 2016 WL 8710426, at *4-5 (D. Hawai`i Jan. 29, 2016) (alterations in Sebetich).

## DISCUSSION

### I. Prudential Standing

The Ninth Circuit remanded this case to address whether Barnes had prudential standing to seek a stay of the Tehani's sale. Ninth Circuit Order, 2018 WL 3943018, at *1 (citing In re Point Ctr. Fin., Inc., 890 F.3d 1188, 1191-92 (9th Cir. 2018)). In Point Center, the Ninth Circuit stated:

> All circuits, including this one, limit standing to appeal a bankruptcy court order to "person[s] aggrieved" by the order. See, e.g., Opportunity Fin., LLC v. Kelley, 822 F.3d 451, 457 (8th Cir. 2016); Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir. 1999). Under this prudential standing doctrine, only a "person aggrieved,"

9

> that is, someone who is "directly and adversely affected pecuniarily" by a bankruptcy court's order, has standing to appeal that order. Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 443 (9th Cir. 1983). An order that diminishes one's property, increases one's burdens, or detrimentally affects one's rights has a direct and adverse pecuniary effect for bankruptcy standing purposes. See, e.g., P.R.T.C., 177 F.3d at 777.
>
> As we explained in Fondiller, this prudential standing requirement "exists to fill the need for an explicit limitation on standing to appeal in bankruptcy proceedings." Fondiller, 707 F.2d at 443. Bankruptcy proceedings invariably give rise to disputes that implicate the interests of many different stakeholders, including those who are not formally parties to the litigation. Id. Limiting appellate standing to "person[s] aggrieved" by a particular bankruptcy order serves the interests of judicial efficiency. Id.; see also In re Ray, 597 F.3d 871, 874 (7th Cir. 2010) ("[C]ourts consistently have noted a public policy interest in reducing the number of ancillary suits that can be brought in the bankruptcy context so as to advance the swift and efficient administration of the bankrupt's estate. This goal is achieved primarily by narrowly defining who has standing in a bankruptcy proceeding.") (quoting Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.), 151 F.3d 605, 609 (7th Cir. 1998)).

890 F.3d at 1191-92 (alterations in Point Ctr.).

In its ruling in the 5/9/16 Bankruptcy Order, the bankruptcy court stated that Barnes lacked standing to seek a stay of the sale of the Tehani and Trailer was based on the dismissal of Barnes's in rem claims against the Tehani in the Admiralty Action. On remand, the bankruptcy court concluded

10

that, because of the Ninth Circuit's reversal of the dismissal of Barnes's claims against the Tehani, Barnes had prudential standing to seek a stay of the sale of the Tehani pending appeal. [12/14/18 Remand Decision at 5-6.] This Court agrees that, because of Barnes's maritime lien against the Tehani, the authorization of the sale of the Tehani had a potentially detrimental effect on Barnes's rights. See Point Ctr., 890 F.3d at 1191. Therefore, it adopts the bankruptcy court's conclusion that Barnes had prudential standing to seek a stay of the sale of the Tehani, pending appeal.

## II. **Authorization to Sell the Tehani**

The bankruptcy court stated the 5/9/16 Bankruptcy Order had two separate rulings: 1) authorization of the sale of the Tehani, pursuant to 11 U.S.C. § 363(b) and (c); and 2) a ruling that the sale would be free and clear of all liens, pursuant to § 363(f). The bankruptcy court concluded it clearly lacked jurisdiction to rule that the sale would be free and clear of Barnes's maritime lien, based on the language of the Admiralty Opinion. [12/14/18 Remand Decision at 6-7.]

In the Admiralty Opinion, the Ninth Circuit held that: 1) "[t]he bankruptcy court lacked jurisdiction to adjudicate Barnes's maritime lien"; 889 F.3d at 533; and 2) even if the bankruptcy court had jurisdiction over the Tehani, the manner in which the bankruptcy court adjudicated the lien was improper,

11

id. at 533-35.  As to the second holding, the Ninth Circuit noted a maritime lien: 1) "accompanies the property into the hands of a bona fide purchaser[, and] can be executed and divested only by a proceeding in rem"; and 2) "cannot be extinguished except through the application of admiralty law." Id. at 534 (citations and internal quotation marks omitted).  In the instant case, because the bankruptcy court applied bankruptcy law instead of admiralty law, and because Barnes never voluntarily submitted to the bankruptcy court's jurisdiction of his maritime lien against the Tehani, the bankruptcy court's attempt to dispose of the lien had no effect. Id. at 535.  This Court therefore agrees with and adopts the bankruptcy court's conclusion that the bankruptcy court lacked jurisdiction to sell the Tehani free and clear of Barnes's maritime lien.

However, the conclusion that the bankruptcy court had jurisdiction to sell the Tehani subject to Barnes's maritime lien must be rejected.  While the bankruptcy court noted, in its 12/14/18 Remand Decision, that the Ninth Circuit held that the bankruptcy court did not have jurisdiction to adjudicate Barnes's maritime lien, [12/14/18 Remand Decision at 7,] a closer look at why the bankruptcy court was without jurisdiction is instructive.  The Ninth Circuit stated:

12

> The bankruptcy court lacked jurisdiction to adjudicate Barnes's maritime lien **because the admiralty court had already obtained jurisdiction over the Tehani**. "As between two courts of concurrent and co-ordinate jurisdiction, having like jurisdiction over the subject-matter in controversy, the court which first obtains jurisdiction is entitled to retain it without interference, and cannot be deprived of its right to do so because it may not have first obtained physical possession of the property in dispute." Moran v. Sturges, 154 U.S. 256, 283–84, 14 S. Ct. 1019, 38 L. Ed. 981 (1894).

Admiralty Opinion, 889 F.3d at 533 (emphasis added) (footnote and some citations omitted). In other words, the district court's control over the vessel was exclusive and the later-filed bankruptcy petition did not divest in rem jurisdiction by the district court. Id. at 524.

Because the district court had exclusive control over the Tehani, the bankruptcy court could not and did not have jurisdiction over the Tehani during the SHR Bankruptcy proceedings. Thus, even though a sale of the Tehani subject to Barnes's maritime lien arguably would have protected Barnes's rights, see 12/14/18 Remand Decision at 8, the bankruptcy court had no jurisdiction and thus could not sell the Tehani subject to the lien. Admiralty Opinion, 889 F.3d at 524 ("Moreover, the automatic bankruptcy stay did not affect Barnes's maritime lien against the Tehani, and the bankruptcy court had no authority to dispose of the lien through the application of bankruptcy law."). This Court therefore concludes the bankruptcy court did

not have jurisdiction to authorize the sale of the Tehani, regardless of whether the sale would be subject to Barnes's lien.

Because the bankruptcy court lacked jurisdiction to authorize the sale of the Tehani, the 5/9/16 Bankruptcy Order is void.  See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (noting that "a jurisdictional error [by the bankruptcy court] will render a judgment void"); see also In re Sasson, 424 F.3d 864, 876 (9th Cir. 2005) (noting that "a final judgment is void for purposes of [Fed. R. Civ. P.] 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound" (emphasis, citation, and internal quotation marks omitted)).

Barnes's Appeal is therefore granted, and the 5/9/16 Bankruptcy Order is reversed.

### III. **Avoidance of the Sale**

The bankruptcy court's analysis of the avoidance issue is premised upon its conclusion that it had jurisdiction to authorize the sale of the Tehani, as long as the sale was subject to Barnes's maritime lien.  [12/14/18 Bankruptcy Order at 8-10.]  The bankruptcy court's analysis must be rejected.

However, this Court agrees with the bankruptcy court's ultimate recommendation that the district court in the Admiralty

Case is in the best position to determine the practical effects of this Court's rulings regarding the sale of the Tehani.  In recent months, Barnes has completed the arrest of the Tehani. [Admiralty Action, Return of Warrant for Maritime Arrest, filed 3/14/19 (dkt. no. 534).]  The district court has been considering either allowing AOE to post a bond to secure the Tehani's release or having the Tehani sold by the United States Marshals Service.  See, e.g., id., Minute Order, filed 4/26/19 (dkt. no. 554).  In light of these and other recent developments in the Admiralty Action, this Court defers to the district court in the Admiralty Action to determine the practical effect of the reversal of the 5/9/16 Bankruptcy Order.

## CONCLUSION

On the basis of the foregoing, the bankruptcy court's Memorandum of Decision on Remanded Issues, filed December 14, 2018, is HEREBY ADOPTED IN PART AND REJECTED IN PART.  Further, Barnes's appeal of the bankruptcy court's May 9, 2016 Order Granting Trustee's Motion for Order (I) Authorizing Sale of Boat and Trailer Under Bankruptcy Code § 363, and (II) Otherwise Granting Relief, Filed on March 29, 2016, is HEREBY GRANTED and the 5/9/16 Bankruptcy Order is HEREBY REVERSED.  This Court DEFERS to the district court in Barnes v. Sea Hawaii Rafting, LLC, et al., CV 13-00002 ACK-RLP, regarding the effect of the reversal of the 5/9/16 Bankruptcy Order.

The Clerk's Office is DIRECTED to enter judgment and close the case on **June 6, 2019**, unless a timely motion for reconsideration is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 22, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHAD BARRY BARNES VS. DANE S. FIELD; CV 16-00230 LEK-KSC; ORDER: ADOPTING IN PART AND REJECTING IN PART THE BANKRUPTCY COURT'S MEMORANDUM OF DECISION ON REMANDED ISSUES; GRANTING APPEAL OF THE BANKRUPTCY COURT'S MAY 9, 2016 ORDER GRANTING TRUSTEE'S MOTION FOR ORDER (I) AUTHORIZING SALE OF BOAT AND TRAILER UNDER BANKRUPTCY CODE § 363, AND (II) OTHERWISE GRANTING RELIEF, FILED ON MARCH 29, 2016; AND REVERSING THE MAY 9, 2016 ORDER**